# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  2:20-mj-0069 KJN |
| | ) | |
| TIMOTHY DANIEL MACKEY | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

**FILED**
**Apr 15, 2020**
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   February 6, 2020 to February 25, 2020   in the county of   El Dorado   in the

Eastern   District of   California   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Distribution of Child Pornography |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/ Christopher Bencken (signed electronically by KJN)
_____
*Complainant's signature*

Special Agent Christopher Bencken, Federal Bureau of
Investigation
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   04/15/2020 at 7:41 p.m.

City and state:   Sacramento, California

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT OF SPECIAL AGENT CHRISTOPHER BENCKEN
## IN SUPPORT OF COMPLAINT

I, Christopher Bencken, being duly sworn, depose and state as follows:

## AGENT BACKGROUND

1. I am an FBI Special Agent and I have been so employed for approximately fourteen years.  Prior to my work as an FBI Special Agent, I was employed in various state law enforcement capacities for nearly ten years.   I am currently assigned to the FBI's Sacramento Division, Reno Resident Agency.

2. I have investigated Gangs, Violent Crime, Narcotics, Crimes Against Children, Domestic Terrorism, International Terrorism, and Counter-Intelligence.  I have gained expertise in the conduct of such investigations through official training and everyday work related to conducting these types of investigation, and I have participated in such investigations as the primary investigator in numerous districts throughout the United States. I have attended three full time law enforcement academies including the FBI academy at Quantico, Virginia.  While attending the FBI academy, I received training in the utilization of firearms, legal training, conducting criminal investigations, and the utilization of sophisticated techniques.  I have authored and executed numerous federal and state search and arrest warrants in the Eastern District of California.

3. I have been investigating internet crimes against children since approximately 2006.  I participated in these investigations as both the primary investigator and in a support role.  I have been a certified online undercover since approximately 2012, which has provided me the opportunity to review and examine evidence pertaining to child pornography.   I have conducted or participated in numerous search warrants, parole searches and interviews of child pornography suspects.  Since 2006, I have attended numerous trainings and workshops related to child pornography investigations.  Within this training, I was provided training on peer-to-peer software, file-sharing

software and other methods in which subjects in child pornography cases download, share, and upload files containing evidence of child pornography.  I have also attended courses in child forensic interviewing as it pertains to child pornography investigations.

4.   I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

5.   This affidavit is based upon my own personal knowledge and the knowledge of other law enforcement officers involved in this investigation.  Where I describe statements made by other people (including other special agents and law enforcement officers), the statements are described in sum, substance, and relevant part.  Similarly, where I describe information contained in reports and other documents or records in this affidavit, this information is also described in sum, substance, and relevant part.

**INTRODUCTION**

6.   The Federal Bureau of Investigation Sacramento Division, Reno Resident Agency received information from an Online Covert Employee ("OCE"), who is a member of the FBI Exploitation Task Force in Salt Lake City, Utah, that a LiveMe user with the username "bag of rock" was knowingly distributing visual depictions of minors engaged in sexually explicit conduct within the definition in 18 U.S.C. § 2256 with a group of LiveMe users that included the OCE.  Through information described below, "bag of rock" was identified as TIMOTHY DANIEL MACKEY ("MACKEY").  For that reason, this affidavit is made in support of a criminal complaint and application for an arrest warrant for MACKEY for distribution of child pornography.

7.   The statements in this affidavit are based in part on information provided by other law enforcement agents, as well as my own investigation of this matter.  Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I

believe are necessary to establish probable cause to believe that MACKEY has violated 18 U.S.C. § 2252(a)(2).

### STATUTORY AUTHORITY

8. This affidavit is submitted to establish that there is probable cause to believe that MACKEY committed violations of 18 U.S.C. § 2252(a)(2), relating to possession, receipt, distribution, and transportation of material involving the sexual exploitation of minors. 18 U.S.C. § 2252(a)(2) prohibits knowingly receiving or distributing, by computer or mail, any visual depiction of a minor engaging in sexually explicit conduct that has been mailed, shipped, or transported in interstate or foreign commerce. The statute also prohibits knowingly reproducing any visual depiction of any minor engaging in sexually explicit conduct for distribution in interstate or foreign commerce by any means, including by computer or the mail.

### DEFINITIONS

9. The following definitions apply to this Affidavit:

    a. "Child Pornography" includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

    b. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

    c. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not

3

necessarily depict minors in sexually explicit poses or positions.

     d.  "Minor" means any person under the age of eighteen years. <u>See</u> 18 U.S.C. § 2256(1).

     e.  "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. <u>See</u> 18 U.S.C. § 2256(2).

     f.  "Computer" refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." <u>See</u> 18 U.S.C. § 1030(e)(1).

     g.  "Computer hardware" consists of all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data.  Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, and related communications devices such as cables and connections); as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks).

     k.  "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet.  IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet.  IP addresses might also be static, if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet.

## BACKGROUND ON LIVEME

10. LiveMe is a free mobile application that can be downloaded on Android or iOS devices. LiveMe creates a unique identifier, typically a string of numbers, for each user. Each user can create a screen name that can be changed at any time. LiveMe uses a smartphone's data plan or Wi-Fi to transmit and receive messages, photos, videos, links, and other content after users register a username. LiveMe allows users to stream live video of themselves to an anonymous audience of fellow LiveMe users. Those users can post comments and interact with the user streaming the video. This application also allows users to create groups where like-minded individuals can chat or text other users and post videos and images that are visible only to other group members. Because of its use of the internet to transmit data, LiveMe is a facility or means of interstate commerce.

## **PROBABLE CAUSE**

Online Undercover Investigation of Child Exploitation on the LiveMe Platform

11. On or about May 15, 2019, an Online Covert Employee ("OCE"), who is a member of the FBI Exploitation Task Force in Salt Lake City, Utah, was conducting an online undercover investigation into activity involving the sexual exploitation of children on the LiveMe application.

12. On or about May 15, 2019, the OCE identified an account with the LiveMe profile identifier "131750601" and the screen name "bag of rock" as the Owner/Administrator of a group in the LiveMe app titled "pic/vid share." "Pic/vid share" was known to the OCE to be a group dedicated to sharing and exchanging images and videos of child pornography. The group's profile picture depicted a nude prepubescent girl standing in front of a mirror with her hand between her legs, and the description listed for the group was "come share good stuff." In addition to owning this group, "bag of rock" was a member of multiple other groups. One of these groups was named "CP Lover's" and was used to distribute numerous images and videos of the rape and sexual abuse of children. The OCE became a member of these groups to identify individuals involved in the sexual exploitation of children.

13. From February to March 2020, the OCE was again investigating child exploitation activity on the LiveMe platform.  During that period, the OCE observed the user "bag of rock" posting images of child pornography in a LiveMe group named "No Limit!!!"

14. On or about February 6, 2020, "bag of rock" posted five images in the group "No Limit!!!"  The first image shows a prepubescent child lying on her back on a bed with her knees pulled towards her chest, exposing her vagina and anus.  The second image is a close-up of a prepubescent child's vagina.  The final three images depict the child from the first image and a second female child partially nude.

15. On or about February 25, 2020, "bag of rock" posted over 20 images of female children in the group "No Limit!!!"  Several of these images are close-ups of a prepubescent female child's vagina, with the child's fingers spreading her outer labia.  Two of the other images show a minor female wearing a red-and-white striped shirt and no pants, standing over the camera with her legs apart to expose her vagina and buttocks. Other images depict prepubescent female children who are either fully dressed or are exposing their chest area.

16. In addition to the child pornography and child erotica posted on or about February 6 and February 25, "bag of rock" posted images of child erotica on or about February 10, February 22, March 6, and March 9, 2020.  These child erotica images depict prepubescent female children either clothed or with their chest area exposed.

Identification of LiveMe User "bag of rock"

17. The FBI obtained subscriber information for the "bag of rock" account from LiveMe pursuant to a subpoena.  The subscriber data stated that the "bag of rock" account was registered with telephone number XXX-XXX-5121[1] and that the IP address most frequently used to access the account was 47.25.113.144, which is owned by Charter Communications.  The subscriber data also identified the registration device for the account as "XT1585."  A Google search for cell phone model "XT1585" reveals that this model is a Motorola Droid Turbo 2.

---

[1] Xs are used throughout this affidavit to redact the first digits of the phone number.  However, wherever the Xs appear, the full number was provided.

18. On or about April 9, 2020, your affiant searched the World Wide Web for "Live Me" as described in the aforementioned warrant. The address identified as, https:www.liveme.com/us/explore.html prompted your affiant to register as a first time user.  After going to the "Register" tab, your affiant was provided the option to list a phone number or email address for authentication and registration. Your affiant opted to utilize a phone number for the registration.  After entering a phone number, the registration page prompted your affiant to then enter a code that was sent to your affiant's cell phone via text.  After entering the code, your affiant was allowed access to the main account page to further set up the user profile.

19. The FBI obtained subscriber data for IP address 47.25.113.144 from Charter Communications pursuant to a subpoena.  The subpoena response indicated that the cable modem used to connect to the internet with the IP address in question was a47aa46cf2f6. The subpoena response further stated: "The equipment to which the IP was leased has been determined to be unauthorized on the Charter network.  A physical trace was conducted to determine the location, and it was found that the modem is connected at: 1539 Black Bart Ave, Apt 1 South Lake Tahoe, CA."  The FBI contacted Charter Communications on or about March 31, 2020, for clarification.  Charter advised that this type of response means that the subscriber is a different person than the user.  Charter further explained that this situation is common when an individual uses the internet under an account that is held by their spouse or roommate.

20. The FBI obtained subscriber information for telephone number XXX-XXX-5121 pursuant to a subpoena.  Verizon identified the subscriber as [a name matching the name of MACKEY's wife], with an address of 1539 Black Bart Ave, Apt 1, South Lake Tahoe, CA 96150.

21. Based on database searches for people connected to the physical address, telephone number, and IP address associated with the "bag of rock" LiveMe account, it appeared that the account may be used by TIMOTHY DANIEL MACKEY ("MACKEY").  Mackey's address and telephone number match the address and telephone number associated with the LiveMe account. Additionally, El Dorado County Sheriff's Department advised that Sheriff's Deputies made contact with MACKEY on May 11, 2016 regarding a noise complaint, and that MACKEY provided the number XXX-XXX-5121 as his cell phone number during that contact.  MACKEY

7

1    also made a 911 call on December 11, 2017 for a medical emergency involving a minor child

2    having a seizure.  The call was placed from a cell phone with the number XXX-XXX-5121.  These

3    phone numbers matched the phone number that was used to create the LiveMe account, according

4    to the subscriber data from LiveMe.

5    22. An FBI database search shows that MACKEY's IP address was observed making suspected child

6    pornography files available over the internet in 2008.  On September 19, 2008, members of the

7    Sacramento Cyber Crimes Task Force received subscriber information for the IP address

8    24.205.97.114, which had been identified as offering suspected child pornography files over a

9    peer-to-peer file-sharing network during an online investigation.  The subscriber for the IP address

10    was determined to be Tim Mackey, with an address of 2508 Conestoga St #A in South Lake Tahoe,

11    CA.  A police report from MACKEY's arrest on June 16, 2008 for reckless driving lists

12    MACKEY's address as 2508 Conestoga St. A, S Lake Tahoe, CA 96150.  It appears that the

13    investigation was closed on or about August 5, 2009, because no recent activity was noted on the

14    subject's IP address.

15    23. On March 30, 2020, your affiant conducted surveillance at 1539 Black Bart Ave., Apt 1, South

16    Lake Tahoe, CA 96150.  While located outside the residence, your affiant observed that a number

17    of wireless networks were broadcasting, all of which appeared to be password-protected.  During

18    the surveillance, your affiant identified an adult male and an adult female outside the residence

19    with a female child who appeared to be 3–4 years old.  Your affiant had photographs of MACKEY

20    and his wife obtained from DMV records with him at the time of surveillance.  Your affiant

21    compared the photographs to the adults outside the residence and determined that they were

22    MACKEY and MACKEY's wife. [2]

23

Execution of Residential Search Warrant

24    24. On April 15, 2020, FBI agents and local law enforcement officers executed a federal search

25    warrant at MACKEY's residence at 1539 Black Bart Ave., Apt 1, South Lake Tahoe, CA 96150.

26

27    _____

[2] During surveillance, an FBI agent determined that a next-door neighbor of MACKEY is a
registered sex offender.  However, based on the evidence described herein, it does not appear that this
28    neighbor was involved in the instant offense.

Agents seized a number of digital devices, which are currently in the process of being reviewed for evidence.  Based on observations within the home and interviews with MACKEY and others with knowledge, it did not appear that anyone lives in the home except for MACKEY, his wife, and a minor child.

25. MACKEY was present at the residence when agents arrived to serve the warrant.  While executing the search warrant, agents informed MACKEY that he was not under arrest and was free to leave at any time.  MACKEY was not physically restrained and was seated in a chair in the side yard of his residence, with two agents present.  The agents asked him questions about his online activity, including whether he has a LiveMe account.  MACKEY stated that he does.  Agents asked MACKEY how he accesses the account and he claimed not to know how he logs in.

26. MACKEY stated that he moved to California to become a ski instructor and has worked at a local resort for the past four years.

27. During the search, agents obtained MACKEY's phone from his person.  Both MACKEY and MACKEY's wife confirmed that the phone belongs to MACKEY.  The phone is locked with a passcode and agents have not yet been able to access the data stored on the phone.  Agents conducted an online search for images of the Motorola Droid Turbo 2.  Based on comparing MACKEY's phone to these images, the phone appears to be a Motorola Droid Turbo 2.

28. Agents retrieved a micro-SD card from MACKEY's phone, which they were able to preview.  The micro-SD card contained a video, approximately 7 and a half minutes in length, depicting two toddler-age female children.  The video begins with the children clothed on a beach.  The children then remove their clothing.  Later in the video, the same two children are shown in a bathtub, where they wash each other's bodies with soap.  Their genitalia are exposed and at various point the camera zooms in and focuses on their genitalia.  Based on my experience in child pornography investigations, I would describe this video as child erotica at a minimum, which is often possessed by individuals with an interest in child pornography.  I have personally encountered this video, or a similar one from the same series, in the possession of individuals charged with child pornography offenses.

9

29. Agents also retrieved a modem from the house.  The serial number on the modem was a47aa46cf2f6.  This matches the number provided by Charter Communications associated with the IP address used to access the "bag of rock" LiveMe account.

30. In the course of the search, agents found a room that was set up with lights that appear to be for photography.  According to MACKEY's wife, the lights were set up to take photos of the room for purposes of an application to take in foster children.  MACKEY's wife stated that they had been approved to take in a foster child but had not yet had a child placed with them.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

48. Based on the aforementioned factual information, I respectfully submit that there is probable cause that TIMOTHY DANIEL MACKEY, aka "bag of rock" on LiveMe, committed the following offense:

**COUNT ONE** – Distribution of Child Pornography

TIMOTHY DANIEL MACKEY distributed images of child pornography between February 6, 2020 and February 25, 2020, in violation of 18 U.S.C. § 2252(a)(2).

I swear, under penalty of perjury, that the foregoing information is true and correct, to the best of my knowledge, information and belief.

/s/ Christopher Bencken (signed electronically by KJN)

Christopher Bencken

Special Agent

Federal Bureau of Investigation

Sworn and subscribed before me this 15th day of April, 2020.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/s/ Mira Chernick

Approved as to form by AUSA MIRA CHERNICK

11